# United States District Court
# Central District of California
# Western Division

| | |
|---|---|
| FELIPE ALVAREZ, on behalf of himself and others similarly situated,<br><br>      Plaintiffs,<br><br>  v.<br><br>YRC INC., *et al.*,<br><br>      Defendants. | CV 12-01374 TJH (Ex)<br><br>Order<br>and<br>Judgment<br><br>JS-6 |
| JERALD SCHROEDER, on behalf of himself and others similarly situated,<br><br>      Plaintiffs,<br><br>  v.<br><br>YRC INC., *et al.*,<br><br>      Defendants. | CV 16-06173 TJH (Ex) |

    The Court has considered the motion for summary judgment filed by Defendants YRC, Inc., YRC Worldwide, Inc., and Yellow Roadway Corporation [collectively, "YRC"], together with the moving, opposing, and supplemental papers.

Plaintiffs Felipe Alvarez and Jerald Schroeder were employed by YRC at YRC's Tracey, California, terminal. On December 14, 2011, Alvarez filed a putative class action against YRC, asserting various wage and hour claims. On June 7, 2016, Schroeder filed a second putative class action against YRC alleging claims under California's Unfair Competition Law, Cal. Bus. & Prof. Code §§ 17200, *et seq.* ["UCL"] and the following claims for violations of the California Labor Code: (1) Failure to pay all straight time wages because YRC had a policy of automatically deducting a 30 minute meal break, despite the fact that employees' time records show that no meal period was taken, or that less than a thirty minute meal period was taken ["Auto-Deduct Claim"]; (2) Failure to provide overtime pay; (3) Failure to provide timely meal breaks, including a second meal break for employees who worked a shift over 10 hours, and meal break premiums; (4) Failure to provide rest breaks, including a third rest break for employees who worked a shift over 10 hours; (5) Failure to provide accurate wage statements; and (6) Failure to timely pay final wages.

Because Alvarez's and Schroeder's wage and hour claims were substantially similar – and even overlapped with regard to the second meal break and third rest break claims – District Judge Beverly Reid O'Connell consolidated the two actions. On September 19, 2018, the Court certified the consolidated class action.

On December 13, 2019, the parties filed cross motions for summary judgment. Alvarez and Schroeder moved for partial summary judgment as to YRC's affirmative defense that the second meal break and third rest break policies are lawful, and YRC moved for summary judgment as to Alvarez's and Schroeder's claims.

On November 17, 2020, the Court denied Alvarez's and Schroeder's motion and granted YRC's motion as to Alvarez's claims and Schroeder's second meal break and third rest break claims. However, the Court held that based on Schroeder's misunderstanding of the summary judgment burdens, he failed to set forth any arguments or explanation as to how his evidence established a *prima facie* case as to his remaining claims. Thus, the Court gave Schroeder the opportunity to file a

supplemental opposition brief to clarify his arguments and evidence as to his remaining claims. Thereafter, Schroeder filed his supplemental opposition brief, and YRC filed a supplemental reply brief.

When considering a motion for summary judgment on a claim or issue where the nonmoving party has the burden of proof at trial, the motion should be granted when the nonmoving party fails to produce evidence to establish a *prima facie* case. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322, (1986). The moving party, however, has the initial burden to show that the nonmoving party does not have enough evidence to establish a *prima facie* case. *See Williams v. Gerber Prods. Co.*, 552 F.3d 934, 938 (9th Cir. 2008). If the moving party's burden is met, then the burden shifts to the nonmoving party to establish, with admissible evidence, a *prima facie* case. *See Celotex*, 477 U.S. at 322.

At this juncture, the Court cannot weigh evidence or make credibility determinations. *Anderson v. Liberty Lobby*, 477 U.S. 242, 255 (1986). Further, the Court must accept the nonmoving party's facts as true and draw all reasonable inferences in that party's favor. *Liberty Lobby*, 477 U.S. at 255.

As the Court held in its November 17, 2020, order, YRC has met its initial burden to show that Schroeder does not have enough evidence to establish a *prima facie* case. *See Williams*, 552 F.3d at 938. Accordingly, the burden shifts to Schroeder to establish a *prima facie* case for each of his remaining claims. *See Celotex*, 447 U.S. at 322.

In Schroeder's supplemental opposition brief, he stated that his remaining claims are for YRC's failure to provide drivers with lawful meal and rest periods, failure to pay wages owed for those missed meal and rest periods, and the derivative claims for inaccurate wage statements. Thus, it appears that Schroeder abandoned his Auto-Deduct Claim and all claims pertaining to class members who were not drivers. Indeed, he failed to set forth any evidence or argument to establish a *prima facie* case as to those claims. *See Celotex*, 477 U.S. at 322.

According to Schroeder, the crux of his remaining claims is that YRC failed to relieve its drivers of all duty during meal and rest breaks because the drivers were required to be ready to respond to dispatch calls. *See Brinker Rest. Corp. v. Superior Court*, 53 Cal. 4th 1004, 1040 (2012).

The ***only*** evidence that Schroeder points to to establish a *prima facie* case is certain deposition transcript excerpts from the deposition of Susan Harrison, YRC's equal employment opportunity compliance manager. According to Schroeder, Harrison testified that "it's vitally important to contact drivers throughout their day," that she told drivers, in a letter she wrote, to "turn [their] radio down or contact the dispatch which is the procedure at the company for the employee to proactively contact dispatch when they're on a break or on lunch and then to call back in," and that, in the letter, she did not tell the drivers to turn their radios off or that they did not have to take calls during their lunch.

As an initial matter, to satisfy his burden, Schroeder was obligated to provide the Court with admissible evidence. *See Celotex*, 477 U.S. at 322. However, the purported deposition transcript excerpts were not properly authenticated because the court reporter's certification is missing. *See Orr v. Bank of Am., NT & SA*, 285 F.3d 764, 774 (9th Cir. 2002). Schroeder's attorney's declaration that the excerpts are a true and correct copy of Harrison's deposition transcript is insufficient. *See Kucuk v. Central Washington University*, 778 F. App'x. 525, 526 (9th Cir. 2019). Schroeder, also, failed to satisfy his burden of demonstrating that this evidence could be presented in an admissible form at trial. *See* Fed. R. Civ. P. 56 advisory comm. Note to 2010 amendment. Consequently, the Court need not consider Harrison's unauthenticated deposition transcript. *See Sweet People Apparel, Inc. V. Phoenix Fibers, Inc.*, 748 F. App'x. 123, 124 (9th Cir. 2019). Because Schroeder pointed to no other evidence to establish his meal and rest break claim, Schroeder failed to meet his burden. *See Celotex*, 477 U.S. at 322.

Moreover, even if the Court considered Harrison's deposition transcripts,

Schroeder would, still, have failed to establish a *prima facie* case for his meal and rest break claim. Nowhere in the deposition excerpts was there testimony by Harrison that drivers were required to answer dispatch calls during their lunch or meal breaks. Even after drawing all reasonable inferences in Schroeder's favor, he failed to present more than a mere scintilla of evidence to defeat this motion for summary judgment. *See Liberty Lobby*, 477 U.S. at 252. Accordingly, even had the Court considered the unauthenticated deposition transcript excerpts, Schroeder would have failed to establish a *prima facie* case for remaining claims. *See Celotex*, 477 U.S. at 322.

Because Schroeder's remaining claims are derivative of his meal and rest break claim, they, too, fail. *See Anderson v. Equinox Holdings, Inc.*, 813 F. App'x. 308, 310 (9th Cir. 2020).

Accordingly,

𝔍𝔱 𝔦𝔰 𝔒𝔯𝔡𝔢𝔯𝔢𝔡 that YRC's motion for summary judgment be, and hereby is, 𝔊𝔯𝔞𝔫𝔱𝔢𝔡.

𝔍𝔱 𝔦𝔰 𝔣𝔲𝔯𝔱𝔥𝔢𝔯 𝔒𝔯𝔡𝔢𝔯𝔢𝔡, 𝔄𝔡𝔧𝔲𝔡𝔤𝔢𝔡, 𝔞𝔫𝔡 𝔇𝔢𝔠𝔯𝔢𝔢𝔡 that judgment be, and hereby is, 𝔈𝔫𝔱𝔢𝔯𝔢𝔡 in favor of Defendants YRC, Inc., YRC Worldwide, Inc., and Yellow Roadway Corporation and against Plaintiffs Felipe Alvarez and Jerald Schroeder.

𝔍𝔱 𝔦𝔰 𝔣𝔲𝔯𝔱𝔥𝔢𝔯 𝔒𝔯𝔡𝔢𝔯𝔢𝔡 that Plaintiffs Felipe Alvarez and Jerald Schroeder shall take nothing.

Date: December 21, 2020

_Terry J. Hatter, Jr._
𝔗𝔢𝔯𝔯𝔶 𝔍. 𝔥𝔞𝔱𝔱𝔢𝔯, 𝔍𝔯.
𝔖𝔢𝔫𝔦𝔬𝔯 𝔘𝔫𝔦𝔱𝔢𝔡 𝔖𝔱𝔞𝔱𝔢𝔰 𝔇𝔦𝔰𝔱𝔯𝔦𝔠𝔱 𝔍𝔲𝔡𝔤𝔢