**NOT FOR PUBLICATION**

# FILED

UNITED STATES COURT OF APPEALS

SEP 2 2022

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| FELIPE ALVAREZ, on behalf of himself and others similarly situated,<br><br>  Plaintiff-Appellant,<br><br> and<br><br>JERALD SHROEDER,<br><br>  Plaintiff,<br><br>  v.<br><br>YRC INC., DBA YRC Freight; YRC WORLDWIDE INC.; YELLOW ROADWAY CORPORATION,<br><br>  Defendants-Appellees. | No.   20-56350<br><br>D.C. Nos.<br>2:12-cv-01374-TJH-E<br>2:16-cv-06173-TJH-E<br><br>MEMORANDUM* |
| JERALD SCHROEDER, on behalf of himself and others similarly situated,<br><br>  Plaintiff-Appellant,<br><br>  v.<br><br>YRC INC., DBA YRC Freight; YRC WORLDWIDE INC.; YELLOW ROADWAY CORPORATION, | No.   21-55042<br><br>D.C. No.<br>2:12-cv-01374-TJH-E |

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Defendants-Appellees.

JERALD SHROEDER, on behalf of himself and others similarly situated,

    Plaintiff-Appellant,

 v.

YRC INC., DBA YRC Freight; YRC WORLDWIDE INC.; YELLOW ROADWAY CORPORATION,

    Defendants-Appellees.

No.   21-55045

D.C. No.
2:16-cv-06173-TJH-E

Appeal from the United States District Court
for the Central District of California
Terry J. Hatter, Jr., District Judge, Presiding

Argued and Submitted March 11, 2022
Pasadena, California

Before:  IKUTA, LEE, and FORREST, Circuit Judges.
Partial Concurrence and Partial Dissent by Judge FORREST

Appellants Felipe Alvarez and Jerald Schroeder appeal the district court's summary judgment in favor of their former employer, YRC Inc.  We have jurisdiction under 28 U.S.C. § 1291 and review de novo.  *Parth v. Pomona Valley Hosp. Med. Ctr.*, 630 F.3d 794, 798 (9th Cir. 2010).  We affirm.

1.  The Labor Management Relations Act (LMRA) does not preempt Appellants' second meal break claim.  Section 301 of the LMRA preempts only "claims founded directly on rights created by collective-bargaining agreements, and

2

also claims substantially dependent on analysis of a collective-bargaining agreement." *Cramer v. Consol. Freightways, Inc.*, 255 F.3d 683, 689 (9th Cir. 2001) (en banc) (internal quotation marks and citation omitted). Further, we resolve "any doubts concerning the scope of issues to be referred to arbitration in favor of arbitration." *Columbia Exp. Terminal, LLC v. Int'l Longshore & Warehouse Union*, 23 F.4th 836, 847 (9th Cir. 2022).

But here, the second meal break claim is not dependent on an analysis of the CBA. The claim is that YRC failed to have a policy that on its face provided employees a second meal break for certain shifts. The CBA, however, states that no employee shall be *compelled* to take more than one meal break. The claim is not substantially dependent on analyzing the CBA because the claim relates to YRC providing a break, while the CBA addresses employees not being compelled to take that break. And California law already gives employees the right to forego breaks provided by an employer. *See Brinker Rest. Corp. v. Superior Ct.*, 53 Cal. 4th 1004, 1040–41 (Cal. 2012).

2.      There is no genuine dispute of material fact that YRC's meal break policies were lawful. In *Brinker*, the California Supreme Court held that an employer satisfies its obligation to provide meal breaks when it "relieves its employees of all duty, relinquishes control over their activities and permits them a reasonable opportunity to take an uninterrupted . . . break, and does not impede or

discourage them from doing so." *Id.* at 1040.  Appellants present no evidence that YRC's policies facially violate these obligations.  They have repeatedly asserted that YRC has an affirmative duty to provide second meal breaks, but no such duty exists. *See id.*

Appellants also waived their alternative theory of the "unrecorded meal break presumption." *See Donohue v. AMN Servs., LLC*, 11 Cal. 5th 58, 75–77 (Cal. 2021) (explaining the unrecorded meal break presumption).  Issues not raised before the district court are normally deemed waived.  *United States v. Flores-Montano*, 424 F.3d 1044, 1047 (9th Cir. 2005).  Appellants repeatedly asserted before the district court that their theory of liability was that YRC's policies, on their face, failed to provide for a second meal break.  In their motion for class certification and their trial plan, they argued that YRC's second meal break policies were facially invalid, and thus that liability turned on the "uniform lawfulness or – unlawful absence – of Defendants' meal and/or rest period policies."

In certifying the class, the district court found predominance because the challenge was to YRC's policies "on their face" rather than as applied.  Although Appellants briefly cited Justice Werdegar's *Brinker* concurrence, their use of the unrecorded second meal break data was supposedly "only offered to show that damages can be calculated on a class-wide basis."  This is consistent with a litigation strategy of trying to prove automatic liability across the class by attacking the policy,

rather than individually inquiring into whether each shift without a recorded second meal break was because of YRC's meddling or by choice of the worker. Having chosen to pursue that strategy distinct from the presumption, Appellants have waived the presumption.

3.      The remaining independent claims brought by Appellants were waived or abandoned. In Schroeder's supplemental briefing before the district court, he did not construe the auto-deduct claim as one of his remaining claims, nor do Appellants offer any evidence to support it. They also expressly abandoned their untimely first meal break claim and the drivers' rest break claim. Finally, Appellants waived the third rest break claim and the overtime claim by failing to offer any argument on those claims.

4.      Because Appellants' second meal break and auto-deduct claims fail, their remaining derivative claims also fail.

**AFFIRMED.**

FILED

SEP 2 2022

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

*Alvarez v. YRC Inc.*, 20-56350; *Schroeder v. YRC Inc.* 21-55042/21-55045
FORREST, Circuit Judge, concurring in part and dissenting in part:

I agree with the majority except as to its conclusion that Defendant-Appellee YRC, Inc. is entitled to summary judgment on Plaintiffs-Appellants' second-meal-break claim.

Under California law, YRC must provide its employees meal breaks. *Brinker Rest. Corp. v. Superior Ct.*, 273 P.3d 513, 536 (Cal. 2012). The California Labor Code specifies that "employers must generally provide employees with one 30-minute meal period that begins no later than the end of the fifth hour of work and another 30-minute meal period that begins no later than the end of the tenth hour of work." *Donohue v. AMN Servs., LLC*, 481 P.3d 661, 663 (Cal. 2021) (discussing CAL. LAB. CODE § 512(a)). Employers are "not required to police meal periods to make sure no work is performed," *id.* at 675, but where their "records show no meal period" when one was required, "a rebuttable presumption arises that the employee was not relieved of duty and no meal period was provided," *id.* at 672.

The central question for Appellants' second-meal-break claim is whether a policy that is silent—*i.e.*, does not inform employees of their right to take a second meal break—impedes their ability to take this break. Appellants' theory is that employees do not know that they have a right to take a second meal break unless informed by YRC, and they argued to the district court at class certification and summary judgment that evidence showing a uniform lack of recorded second meal

1

breaks on employee timecards supports their assertion that YRC's silent policy is facially invalid. To be precise, Appellants offered the unrecorded meal-break data (that 99.9% of eligible shifts did not record a second meal break) as *evidence* that a silent policy prevents employees from knowing about—and therefore having a reasonable opportunity to take—a second meal break. Therefore, I conclude that Appellants did not waive their ability to assert the unrecorded-meal-break presumption.

This presumption does not create "'automatic liability' for employers"; it shifts "the burden [to] the employer to plead and prove, as an affirmative defense, that it genuinely relieved employees from duty during meal periods." *Id.* at 674. Here, it is not clear that rebutting this presumption would necessarily involve individualized inquiry into employees' shift records because YRC may be able to present evidence that it had some form of policy or uniform practice of informing employees about their right to second meal breaks despite the silent Collective Bargaining Agreements and Employee Handbook. Indeed, YRC argues that it provided sufficient notice about second meal breaks by posting the Wage Order describing the right to these breaks at worksites and not interfering with employees taking these breaks.[1]  Appellants counter that a material factual dispute exists as to

---

[1]YRC cites several unpublished or non-binding cases for the proposition that undisputed evidence of employers posting the California Wage Order at their

2

whether YRC posted the Wage Order at each of its locations. I agree with Appellants that whether YRC can rebut the unrecorded-meal-break presumption is a factual matter that precludes summary judgment. Accordingly, I would reverse and remand the second-meal-break claim, as well as the related derivative claims, for the district court to fully consider them in the first instance.

---

worksites alone satisfies the employer's obligation to provide meal breaks. None of these cases involved unrecorded-meal-break evidence, and only one included an allegation that the employer failed to provide a break by adopting a policy that was silent about the timing of breaks. *See Cole v. CRST Van Expedited, Inc.*, 842 F. App'x 162, 162–63 (9th Cir. 2021); *Perez v. Performance Food Grp., Inc.*, No. LA CV17-00357 JAK (SKx), 2017 WL 6940526, at *7 (C.D. Cal. Dec. 15, 2017); *Antemate v. Estenson Logistics, LLC*, CV 14-5255 DSF (RAOx), 2019 WL 4670670, at *1, *5 (C.D. Cal. Sept. 25, 2019); *Ontiveros v. Safelite Fulfillment, Inc.*, No. CV 15-7118-DMG (RAOx), 2017 WL 6261476, at *5 (C.D. Cal. Oct. 12, 2017); *Perez v. Safety-Kleen Sys., Inc.*, 253 F.R.D. 508, 515 (N.D. Cal. 2008).